CLERK'S OFFICE
JUL 16 2012
JULIA C.
BY:
DEP

**SEALED**

IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE EXTRADITION | ) | FILED UNDER SEAL |
| OF | ) | Misc. No. 7:12-mc-00039 |
| ALMAZ NEZIROVIC | ) | |

## COMPLAINT

TO: THE HONORABLE ROBERT S. BALLOU, UNITED STATES MAGISTRATE JUDGE

I, Timothy J. Heaphy, being duly sworn, depose and state that I am the United States Attorney for the Western District of Virginia and act for and on behalf of the Government of Bosnia and Herzegovina (the "Requesting State") pursuant to the treaty between the United States of America and the Kingdom of Servia (Serbia, as otherwise transliterated) for the Mutual Extradition of Fugitives from Justice, signed at Belgrade October 25, 1901 and entered into force June 12, 1902 (the "Extradition Treaty" or the "Treaty"), with respect to Almaz Nezirovic (the "Fugitive").

In accordance with Section 3184 of Title 18 of the United States Code, I charge, on information and belief, as follows:

1. <u>Foreign charge(s).</u> The Fugitive is duly and legally charged with having committed, in the jurisdiction of the Requesting State, the crime(s) of: War Crimes against Civilians, including torture and inhuman treatment, in violation of Article 142, paragraph 1 of the Criminal Code of the Socialist Federal Republic of Yugoslavia ("Yugoslavia" or the "SFRY") (effective at the time of the charged crime(s) in what is now Bosnia and Herzegovina).[1]

---

[1] The prosecution and judicial authorities of Bosnia and Herzegovina have provided to the United States official documents containing specific charges against the Fugitive pursuant to the relevant criminal statute – Article 142, paragraph 1 of the Criminal Code of the SFRY. This document is akin to a Criminal Complaint in the American system. Pursuant to Bosnian criminal

The relevant and applicable treaty provisions in full force and effect between the United States and Bosnia and Herzegovina are found in the Extradition Treaty. This Treaty was in force with the former Yugoslavia. Since the dissolution of Yugoslavia, this Treaty has applied to Bosnia and Herzegovina as a successor state.

The United States and Bosnia and Herzegovina also are parties to the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, done at New York December 10, 1984 and entered into force June 26, 1987 (for the United States, November 20, 1994) (the "Torture Convention"). In accordance with Article 8 of the Torture Convention, each of the offenses listed in Article 4 shall be deemed to be included as an extraditable offense in any extradition treaty existing between Torture Convention parties. Torture, as defined in Article 1 of the Torture Convention, is among the offenses so specified.

Accordingly, pursuant to Articles 8 and 4 of the Torture Convention, torture is deemed to be included as an offense encompassed by the Extradition Treaty. Therefore, the conduct underlying the offenses with which the Fugitive is charged is thereby incorporated within Article II of the 1902 Treaty, in conjunction with the Torture Convention.

2. <u>Foreign arrest warrant.</u> A warrant for the Fugitive's arrest was issued on May 28, 2003, by the Investigative Judge of the District Court in Doboj, Bosnia and Herzegovina. By letter dated July 9, 2012, the Government of Bosnia and Herzegovina requested that the competent judicial authorities of the United States take the Fugitive into provisional custody, for the purpose of his extradition to Bosnia and Herzegovina.

3. <u>Facts underlying foreign charge(s).</u> Between 1992 and 1995, before the Fugitive immigrated to the United States, the territory of Bosnia and Herzegovina was in a state of war during which war crimes, crimes against humanity, and breaches of the Geneva Conventions

---

procedure, if the Fugitive is extradited to Bosnia and Herzegovina, he will then be questioned and able to be further, formally charged pursuant to Article 241 of the Criminal Procedure Code of the Republika Srpska. This subsequent step would be akin to an Indictment in the American system, and it is unavailable to the Bosnian authorities until the Fugitive is brought before the Bosnian court.

have previously been found to have been committed on a broad scale. Bosnia and Herzegovina was one of the constituent republics of the SFRY, which collapsed along ethnic lines in the early 1990s. That collapse yielded this armed ethnic conflict.

The Croatian Community of Herzeg-Bosnia declared its existence on November 18, 1991 as a political and territorial entity within the territory of what was then the Socialist Republic of Bosnia and Herzegovina (and which was part of the SFRY). On April 8, 1992, the Presidency of the Croatian Community of Herzeg-Bosnia created the Croatian Defense Council (abbreviated as the "HVO," based on its Croatian name) as the supreme defense body of the Croat people in Herzeg-Bosnia. The HVO participated in that armed conflict in the SFRY region.

The Fugitive was a member of the HVO, 103rd Derventa Brigade, from approximately April 4, 1992, to approximately December 4, 1992. The 103rd Derventa Brigade operated in the Bosanska Posavina zone of Bosnia and Herzegovina. As a member of the HVO, 103rd Derventa Brigade, the Fugitive served as a guard at the Rabic internment camp in the municipality of Derventa, Bosnia and Herzegovina, where Serbian civilians were detained. While serving as a guard at Rabic, the Fugitive beat, threatened, tortured, and inhumanely treated detained Serbian civilians.

Specifically, according to an investigation conducted by authorities of the Requesting State, the Fugitive, in his capacity as a member of the HVO and in the time period from April to approximately July, 1992, participated, together with other members of the HVO, in the individual and group torture and inhuman treatment of civilians of Serb nationality. This treatment included causing great physical and emotional suffering and serious injuries to these individuals detained at the Rabic camp. Based on reports of multiple eyewitnesses and victims, the Fugitive personally beat prisoners using his arms and legs, his rifle, batons or sticks, and other objects. The treatment included threats of death, and the detained Serbian civilians were forced to endure starvation and other severe adverse health conditions. The Fugitive further exposed these Serbian civilians to great humiliation by forcing them to remove their clothing and

to crawl on the ground, putting their noses in others' anuses, and to eat grass on which others had urinated. The Fugitive also forced Serbian civilians to expose three specific fingers (ones the prisoners, in the Orthodox tradition prevailing in the Serb community, would use for praying) on a table and he would then strike their fingers and the rest of their bodies using a rubber baton or stick. In these and other ways, the Fugitive participated in torturing and inflicting cruel, inhuman, and humiliating treatment on multiple prisoners at the Rabic camp.

United States law enforcement officers traveled to Bosnia and Herzegovina in April 2011 and interviewed several Serbian civilians who had been detained at the Rabic camp in 1992. All eight of those former detainees described the inhuman conditions at the camp and torture that each of them suffered, primarily because of their ethnicity. These detainees identified Almaz Nezirovic by name and described specific acts of torture he committed, including repeated acts of physical abuse such as those described above, and his use of ethnic slurs accompanying this treatment. Six of the former detainees interviewed had known Almaz Nezirovic as fellow residents of Derventa before the ethnic conflict began in 1992. Three of the former detainees positively identified Almaz Nezirovic from an array of six photographs prepared by a United States law enforcement officer.

4. <u>Fugitive's presence in the U.S.</u> The Fugitive, who is within the jurisdiction of this Court, may be found at 4320 Cresthill Drive, Roanoke, VA 24018.

5. <u>Fugitive's description.</u> The Fugitive, a native and citizen of Bosnia and Herzegovina, born on August 14, 1959 in Derventa, Bosnia and Herzegovina, is described as follows:

> Name: Almaz NEZIROVIC, son of Galeb Nezirovic and Rahima Nezirovic
> Passport number (Bosnia and Herzegovina): BH901 708
> Immigration status (United States): Permanent resident
> Residence: 4320 Cresthill Drive, Roanoke, VA 24018
> Height: Approximately 6' 2"
> Weight: Approximately 220 lbs

4

Marital status: Married

Occupation: None

6. <u>Risk of flight.</u> The likelihood of flight is substantial if the Fugitive learns of this request prior to arrest. Under Article 142, War Crimes against Civilians, the Fugitive is charged with, "in violation of rules of international law at the time of war, armed conflict or occupation," perpetrating "torture," including the intentional infliction of severe physical or mental pain or suffering upon a person, and "inhuman treatment." That article further provides that this crime "shall be punished by imprisonment for not less than five years or by the death penalty."

The documents provided by the Bosnian authorities provide that "Custody is Ordered," and shall "start from the moment the [Fugitive] is arrested." This document further provides a specific basis for the Fugitive's immediate detention:

> As the suspect is inaccessible to law-enforcement agencies, because he is currently in the U.S.A. and it is uncertain when we (sp.) will come back, conditions have been met to order custody referred [to] in Article 191(2)(1) of the Criminal Proceedings Code. In addition, in the Investigative Judge's opinion, the suspect, within the meaning of Article 191(2)(1) of the Republika Srpska Criminal Proceedings Code, **might obstruct justice by exerting influence on witnesses and cause the disturbance of citizens**, because this is the criminal offense with grave consequences for which the most serious penalty is provided.[2]

Decision of the Doboj District Court, No. Ki-4/03, May 28, 2003 (emphasis added).

Moreover, the Fugitive has appeared to engage in a course of conduct designed to evade prosecution by Bosnia and Herzegovina for these alleged crimes, specifically through a course of fraud on immigration authorities in connection with immigration status in the United States. More specifically, the Fugitive currently stands charged with five felony counts by a federal Grand Jury within the Western District of Virginia for violations of Section 1546(a) of Title 18 of the United States Code (unlawful possession of an immigration document) (one count) and Section 1425(a) of Title 18 of the United States Code (unlawful application for naturalization)

---

[2]  The entire packet of material received from the Government of Bosnia and Herzegovina in support of its request for extradition of the Fugitive will be attached to the memorandum of the United States in support of this Complaint, to be filed subsequently with this Court.

(four counts), based on statements and omissions by the Fugitive in connection with his immigration status in the United States. These charges stem from false statements made by the Fugitive to American immigration officials when he applied for refugee status in 1997, lawful permanent residency in 1999, and naturalization in 2004.

WHEREUPON, your complainant requests:

a. That a warrant be issued pursuant to Section 3184 of Title 18 of the United States Code for the Fugitive's arrest;

b. That the Fugitive be brought before this Court and the evidence of criminality be heard;

c. That if, on such hearing, the Court deems the evidence sufficient under the provisions of the Treaty to sustain the charge, the Court certify the same to the United States Secretary of State in order that a warrant may be issued for the surrender of the Fugitive to the appropriate authorities of the Requesting State according to the Treaty; and

d. That this Court take such other actions as may be required under the provisions of the Treaty and the laws of the United States to meet the obligations of the United States under the Treaty, including the seizure of any items or materials in the Fugitive's possession at the time of apprehension which are proceeds of the crime(s) charged, or material as evidence in making proof of the crime(s), pursuant to Article IX of the Treaty.

DATED at Roanoke, Virginia, this 16th day of July, 2012.

Respectfully submitted,

_____
Timothy J. Heaphy
United States Attorney
Western District of Virginia
P.O. Box 1709
Roanoke, VA 24008

Tel.: (540) 857-2250
Fax: (540) 857-2179
*timothy.heaphy@usdoj.gov*

Sworn to before me this __16th__ day of __July__, 2012, AND A WARRANT SHALL ISSUE.

_____
The Honorable Robert S. Ballou
United States Magistrate Judge